UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| DANIEL GARCIA and FLORINE GARCIA, | § § § | No. 5:15-CV-743-DAE |
| Plaintiffs, | § § § | |
| v. | § § | |
| OCWEN LOAN SERVICING, LLC, | § § | |
| Defendant. | § § | |

ORDER GRANTING MOTION FOR SUMMARY JUDGMENT

Before the Court is a Motion for Summary Judgment filed by Ocwen Loan Servicing, LLC ("Ocwen"). (Dkt. # 15.) Pursuant to Local Rule CV-7(h), the Court finds this matter suitable for disposition without a hearing. After careful consideration of the memorandum filed in support of and in opposition to the Motion, the Court, for the reasons that follow, **GRANTS** the Motion for Summary Judgment (Dkt. # 15.)

BACKGROUND

On June 21, 2005, Daniel Garcia and Florine Garcia ("Plaintiffs") obtained a loan in the amount of $53,550 from Home123 Corporation by executing a Texas Home Equity Note (the "Note"). (Dkt. # 15-2.) As collateral for the loan, Plaintiffs signed a Texas Home Equity Security Instrument (the "Deed") that

1

granted Home123 Corporation a security interest in real property located at 5505 Borchers Drive, Kirby, Texas 78219 (the "Property"). (Dkt. # 14-4.) On March 11, 2013, the Deed was assigned to U.S. Bank N.A., as trustee for Residential Asset Securities Corporation, Home Equity Mortgage Asset-Backed Pass-Through Certificates, Series 2005-KS5. (Dkt. # 15-3.) The Deed and assignment were properly recorded with the County Clerk of Bexar County, Texas. (Dkts. ## 15-3, 15-4.)

As early as February 18, 2013, Plaintiffs had fallen behind in their payments due under the Note. (Dkt. # 22-1 at 6.) On September 2, 2013, Ocwen started servicing the Note. ("Saunders Aff.," Dkt. # 15-1 ¶ 6.) Plaintiffs made monthly payments, but never satisfied the full amount due. (Dkt. # 22, Ex. A.) As a result, the application of late charges, interest, and other related fees caused the amount due each month to increase. (Id.) On April 1, 2015, Ocwen sent Plaintiffs a Notice of Default stating that they owed $3,863.76 to bring the loan current. (Dkt. # 15-6.) As of July 15, 2015, the amount due to bring the loan current increased to $6,036.14. (Dkt. # 22 Ex. A.)

On August 5, 2015, Plaintiffs filed suit in the 57th Judicial District Court of Bexar County, Texas. (Dkt. # 1-1.) Ocwen timely removed the lawsuit to this Court, and on September 18, 2015, Plaintiff filed an Amended Complaint. (Dkts. ## 1, 5.) Plaintiffs allege four causes of action: (1) a violation of the Fair

Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692e(4), 1692f(6); (2) a violation of the Texas Debt Collection Act ("TDCA"), Tex. Fin. Code §§ 392.304(a)(8), 392.304(a)(12); (3) breach of contract; and (4) common law fraud.  (Dkt. # 5.)  Plaintiffs also seek an injunction prohibiting Ocwen from moving forward with foreclosure.  (Id.)

On June 2, 2016, Ocwen filed a Motion for Summary Judgment. (Dkt. # 15.)  After being granted an extension of time, Plaintiffs filed a Response on August 26, 2016.  (Dkt. # 22.)  Ocwen filed a timely Reply.  (Dkt. # 24.) Ocwen has also filed objections to Plaintiffs' summary judgment evidence.  (Dkt. # 23.)

## LEGAL STANDARD

A court must grant summary judgment when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); see also Meadaa v. K.A.P. Enterprises, L.L.C., 756 F.3d 875, 880 (5th Cir. 2014).  "Substantive law will identify which facts are material."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  A dispute is only genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  Id.

In seeking summary judgment, the moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  If the moving party meets this burden,

the nonmoving party must come forward with specific facts that establish the existence of a genuine issue for trial.  Distribuidora Mari Jose, S.A. de C.V. v. Transmaritime, Inc., 738 F.3d 703, 706 (5th Cir. 2013) (quoting Allen v. Rapides Parish Sch. Bd., 204 F.3d 619, 621 (5th Cir. 2000)).  "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial."  Hillman v. Loga, 697 F.3d 299, 302 (5th Cir. 2012).

In deciding whether a fact issue has been created, "the court must draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence."  Kevin M. Ehringer Enters. v. McData Servs. Corp., 646 F.3d 321, 326 (5th Cir. 2011) (quoting Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 150 (2000)).  However, "[u]nsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment."  United States v. Renda Marine, Inc., 667 F.3d 651, 655 (5th Cir. 2012) (quoting Brown v. City of Hous., 337 F.3d 539, 541 (5th Cir. 2003)).

## DISCUSSION

I.  Federal Fair Debt Collection Practice Act

Plaintiffs allege that Ocwen has violated two separate provisions of the FDCPA.

As a threshold matter, the Court must determine whether Ocwen is a debt collector because the FDCPA only applies to debt collectors. The FDCPA defines a debt collector as "any person . . .who regularly collects or attempts to collect . . . debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). In the Fifth Circuit, a mortgage servicing company is not a debt collector "as long as the debt was not in default at the time it was assigned." Perry v. Stewart Title Co., 756 F.2d 1197, 1208 (5th Cir. 1985).

Here, there is a genuine dispute about whether Ocwen began servicing the Note before or after default. Ocwen has presented evidence that it began servicing the Note in September 2013, and that Plaintiffs defaulted September 14, 2013. (Saunders Aff. ¶¶ 6−7.) However, Plaintiffs have produced contrary evidence that they were in default as early as February 18, 2013.[1] (Dkt. # 22-1 at 6.) Under the terms of the Note, Plaintiffs were in default the moment they failed to pay the full amount of each monthly payment. (Dkt. # 15-2 § 6(B).) Accordingly, Ocwen could be a debt collector because a genuine dispute exists about when Plaintiffs first defaulted on the loan. Still, even if Ocwen is a debt

---

[1] To the extent Ocwen objects to the authenticity of these billing statements, the Court overrules the objection. However, to the extent Ocwen objects to Daniel Garcia's sworn statement that GMAC informed him his account was in default prior to Ocwen taking over the loan, the Court sustains that objection. Garcia's statement is inadmissible hearsay.

collector under the FDCPA, summary judgment is proper for the following reasons.

        A. <u>False and Misleading Representations</u>

"A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt."  15 U.S.C. § 1692e.  The statute specifically provides that it is unlawful for a debt collector to make a "representation or implication that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person <u>unless such action is lawful</u> and the debt collector or creditor intends to take such action."  15 U.S.C. 1692e(4) (emphasis added).  The debt collector's representations, notices and communications must be viewed objectively from the standpoint of the "least sophisticated consumer" or an "unsophisticated consumer."  <u>Taylor v. Perrin, Landry deLaunay & Durand</u>, 103 F.3d 1232, 1236 (5th Cir. 1997).  In the Fifth Circuit, whether an unsophisticated consumer would perceive a letter as deceptive, misleading, or unfair is generally a question of fact.  <u>Carter v. First Nat. Collection Bureau, Inc.</u>, 135 F. Supp. 3d 565, 569 (S.D. Tex. 2015) (citing <u>Gonzalez v. Kay</u>, 577 F.3d 600, 605−06 (5th Cir. 2009)).  Only when "reasonable minds" cannot differ as to whether a letter would be deceptive, misleading, or unfair to the

unsophisticated consumer may the court enter a decision as a matter of law. See Gonzalez, 577 F.3d at 606−07.

Plaintiff alleges that Ocwen has "threaten[ed] to transfer title away . . . and enter foreclosure proceedings without taking the necessary steps to do so." (Dkt. # 22 ¶ 10.) However, Plaintiff has offered no evidence indicating that a threat has been made. The only representation by Ocwen that nonpayment of the debt would result in the seizure or sale of property is the Notice of Default. (Dkt. # 15-6.) However, this Notice of Default cannot form the basis of a violation of 15 U.S.C. § 1692e(4) because the sale of the Property is lawful under the terms of the Note, Deed, and Texas law. See Tex. Prop. Code § 51.002. All other communications made by Ocwen do not represent that Plaintiffs' failure to pay a debt would result in the sale of the Property. The June 25, 2015 letter merely describes Plaintiffs' payment history and provides a reinstatement quote. (Dkt. # 5, Ex A.) Therefore, the Court finds that reasonable minds cannot differ that the account statements and Notice of Default were neither deceptive, misleading, nor unfair. Accordingly, there is no genuine dispute of material fact that Ocwen did not violate 15 U.S.C. § 1692e(4).

    B. Unfair Practices

"A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. One statutorily

recognized "unfair and unconscionable means" is the "[t]aking or threatening to take any nonjudicial action to effect dispossession or disablement of property if there is no present intention to take possession of the property." 15 U.S.C. § 1692f(6)(B).[2]

Here, Plaintiffs have proffered no evidence that Ocwen violated § 1692f(6). First, Plaintiffs have produced no evidence that Ocwen threatened to take nonjudicial action. As explained above, the only representation made by Ocwen referencing nonjudicial action to take possession of the Property is the Notice of Default wherein Ocwen states "[f]ailure to bring your account current will result in our election to exercise our right to foreclose on your property." (Dkt. # 15-6.) Viewed objectively, as this Court must do, the Notice of Default does not constitute an "unfair or unconscionable means to collect a debt." 15 U.S.C. § 1692f. Second, Plaintiffs have failed to offer any evidence that Ocwen lacks the present intention to take possession of the Property. Accordingly, there is no genuine dispute of material fact that Ocwen has not violated 15 U.S.C. § 1692f(6)(B).

   II.   <u>Texas Deceptive Trade Practices Act</u>

Plaintiffs also allege that Ocwen violated two separate sections of the Texas Finance Code, sections 392.304(a)(8) and 392.304(a)(12). (Dkt. # 5.)

---

[2] In their Response, Plaintiffs only argue that Ocwen has violated this sub-section.

These sections are actionable as a deceptive trade practice under Texas's Business and Commerce Code, Section 17.41 et seq.. Tex. Fin. Code § 392.404(a).

Section 392.304(a)(8) of the Texas Finance Code makes it unlawful for a debt collector to "misrepresent[] the character, extent, or amount of consumer debt." Section 392.304(a)(12) make it unlawful for a debt collector to "represent[] that a consumer debt may be increased by the addition of attorney's fees, investigative fees, service fees, or other charges if a written contract or statute does not authorize the additional fees or charges." The statute of limitations to bring a claim under these sections is two years. Tex. Bus. & Com. Code § 17.565; Sullivan v. Bank of America, N.A., No. 3:14-CV-31862014 WL 6977093, at *1 (N.D. Tex. Dec. 10, 2014).

Here, Plaintiffs have presented no evidence that Ocwen misrepresented the amount of the debt. Plaintiffs proffer an account statement from February 18, 2013, as evidence that Ocwen wrongly charged them property inspection fees. (Dkt. # 22 ¶ 12.) To the extent Plaintiff relies on this account statement, the claims under section 392.304(a)(8) and (12) are barred by the statute of limitations because more than two years passed between that statement and when Plaintiffs filed suit on August 5, 2015. Moreover, even if the claim is not time-barred, the application of property inspection fees is not a misrepresentation of the debt because the Deed expressly permits the Lender to "protect[] and/or

9

assess[] the value of the Property . . . [and] . . . [a]ny amounts disbursed by Lender under [this section] shall become additional debt." (Dkt. # 15-4 § 9.) For this reason, Plaintiffs' claims under section 392.304(a)(8) and (12) fail because the Deed authorizes the addition of these fees to the debt, and there is no genuine dispute that Ocwen has misrepresented the character and extent of the debt.

### III. Breach of Contract

The essential elements of a breach of contract claim are: (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach. Aguiar v. Segal, 167 S.W.3d 443, 450 (Tex. App. 2005). Courts are unequivocally clear that in foreclosure proceedings a mortgagor in default may not maintain a breach of contract claim against the mortgagee. See Owens v. Bank of America, NA, No. H-11-25522012 WL 912721, at *4 (S.D. Tex. Mar. 16, 2012). Indeed, under Texas law "a party to a contract who is himself in default cannot maintain a suit for its breach." Santiago v. BAC Home Loans Servicing, L.P., 20 F. Supp. 585, 592 (W.D. Tex. 2014) (quoting Dobbins v. Redden, 785 S.W.2d 377, 378 (Tex. 1990)).

In this case, there is no genuine dispute of the material fact that Plaintiffs defaulted on their payment obligations under the Note and Deed. Plaintiffs themselves have provided multiple mortgage account statements showing

they have past due amounts that have gone unpaid each month. (Dkt. # 22 Ex. A.) Since Plaintiffs are in default, they may not maintain a cause of action for breach of contract.

    IV.    <u>Common Law Fraud</u>

The elements of fraud are: (1) a material misrepresentation was made; (2) the representation was false; (3) when the representation was made, the speaker knew it was false or made the statement recklessly without any knowledge of the truth; (4) the speaker made the representation with the intent that the other party should act on it; (5) the party acted in reliance on the representation; and (6) the party thereby suffered injury. <u>In Interest of C.M.V.</u>, 479 S.W.3d 352, 361 (Tex. App. 2015) (citing <u>In re FirstMerit Bank</u>, 52 S.W.3d 749, 758 (Tex. 2001)). Under the Federal Rules of Civil Procedure, a party alleging fraud "must state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b).

Plaintiffs have failed to produce any evidence that the representations made by Ocwen were false. Instead, Plaintiffs have produced three account statements showing their amount due to be $3,785.77 on May 22, 2015, $4,545.87 on May 28, 2016, and $5,335.97 on May 30, 2015.[3] (Dkt. # 22-1 at 3−5.) While

---

[3] These changes reflect a missed monthly payment and receipt of a check for an invalid account. Plaintiffs have offered no evidence to create a genuine dispute about these missed payments. Instead, they proffer check receipts from November 9, 2009, and April 11, 2015. (Dkt. # 22 Ex A.) Neither is relevant to the May 2015 statements.

Plaintiffs claim that these amounts are false because they are "outrageously inconsistent," they have failed to over any evidence to show that a genuine dispute exists as to their falsity. Instead, Plaintiffs provide copies of their bank account statements showing a $760.10 payment to Ocwen on April 20, 2015 and a "debit memo" for $760.00 on June 11, 2015. (Dkt. # 22-2 at 14−16.) Neither piece of evidence creates a genuine dispute about whether the May 2015 account statements are false. Accordingly, summary judgment is proper because Plaintiffs have failed to create a genuine dispute of material fact regarding an element of a common law claim for fraud.

## CONCLUSION

For the reasons explained, the Court **GRANTS** Ocwen's Motion for Summary Judgment (Dkt. # 15). The Court **ORDERS** the case **DISMISSED WITH PREJUDICE** against Plaintiffs. The hearing scheduled for October 3, 2016, is canceled.

    **IT IS SO ORDERED**.

    **DATE:** San Antonio, Texas, September 8, 2016.

DAVID ALAN EZRA
UNITED STATES DISTRICT JUDGE